# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| SAURAV PATHRIA § | |
| § | |
| v. § | |
| § | SA-12-CV-388 |
| THE UNIVERSITY OF TEXAS § | |
| HEALTH SCIENCE CENTER AT | |
| SAN ANTONIO | |

## ORDER

On this day came on to be considered Defendant's motion to dismiss Plaintiff's Fifth Amended Complaint.

## Background

The background facts of this case were stated in the Court's previous order and will not be repeated here at length. See Docket No. 27. Pursuant to that order, Plaintiff's TCHRA and Title VII claims were dismissed without prejudice for failure to exhaust administrative remedies. The Defendant's motion to dismiss the Title VI claims was denied, but Plaintiff was instructed to amend his complaint to include more specific allegations concerning how the actions of the dissertation supervising committee were the result of intentional discrimination based on race, color, or national origin as opposed to citizenship. Plaintiff's claims under Sec. 61.223 of the Texas Education Code were dismissed because that statute did not provide for a private cause of action. The Court dismissed the Plaintiff's various state tort claims based on sovereign immunity. The breach-of-confidence claim was dismissed for failing to state a claim upon which relief can be granted. The Court denied Defendant's motion to dismiss Plaintiff's breach of contract claim, however, the Court informed the Plaintiff that his claims were vague and he needed to specify exactly the terms of the alleged contract or how the University breached the

alleged contract. Finally, Plaintiff's 42 U.S.C. § 1983 claim and breach of policy claim were dismissed.

**Plaintiff's Fifth Amended Complaint**

On October 31, 2012, Plaintiff filed the Fifth Amended Complaint (docket no. 30). Plaintiff apparently re-urges his Title VII and Texas Labor Code causes of action. As stated above, those claims have been dismissed. With regard to the Title VI claim[1], Plaintiff states in a conclusory fashion that "Dr. Philip Serwer used Plaintiff's national origin as a basis for harassing him…." ¶ 23. With regard to the breach of contract claim, Plaintiff alleges that "the guidelines set in the handbook of [the] Department of Biochemistry" was a "written offer" which he accepted and that "an enforceable contract was formed." ¶ 34. Plaintiff alleges that he performed under this contract and that Defendant was required to provide him a grade "at par with the performance and not based on some evil intent." *Id*. He also relies upon the Biochemistry Department handbook to claim that his dissertation supervising committee "failed to perform its function." ¶ 36. He also appears to allege that a contractual provision was breached when his grades were publically posted. ¶ 35. Finally, he appears to allege a breach of contract because he was enrolled for 11.5 hours during the 2008 Spring semester, but only received credit for 10.5 hours. ¶ 37.

**Defendant's motion to Dismiss**

Defendant argues that the breach of contract claim is barred by sovereign immunity. Defendant voluntarily removed this case from state court to this court. Although a State's voluntary removal of a state court action waives its 11th Amendment immunity from suit in federal court, it "retains all defenses it would have had in state court, including immunity from

---

[1] Title VI provides that "no person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

liability" established by its own immunity laws. *Lombardo v. Pennsylvania, Dept. of Pub. Welfare*, 540 F. 3d 190, 198-200 (3d. Cir. 2008). *See also Meyers ex rel. Benzing v. Texas*, 410 F.3d 236 (5th Cir. 2005). There does not exist any legislative consent by Texas to bring this suit, nor is there any statutory authorization for same. Texas has retained a separate immunity from liability for any breach of contract claim. Accordingly, the claim is dismissed. *See Bisong v. University of Houston*, 2006 WL 2414410 at *3 (S.D. Tex. 2006) ("The court therefore finds that the University of Houston is entitled to sovereign immunity on the breach of contract cause of action, and will dismiss this cause of action against the University of Houston for lack of jurisdiction."). The State of Texas has waived sovereign immunity as to breach of contract claims asserted against a local governmental entity. See Tex. Local Gov't Code § 271.152. However, state universities are not a local government entity covered by the Local Government Code. *See Prairie View A&M University v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.-Hous. [14th Dist.] 2007). Any reliance by either party on *Federal Sign v. Texas Southern Univ.*, 951 S.W. 2d 401 (Tex. 1997) is misplaced. Texas Government Code § 2260.001 superseded that case. *See General Services Comm'n v. Little-Tex Insulation Co.*, 39 S.W. 3d 591, 595 (Tex. 2001) ("Chapter 2260 retains sovereign immunity from suit in breach-of-contract cases against the State but provides an administrative process to resolve those claims."). This Court notes that Chapter 2260 excludes students at institutions of higher education from the definition of contractor. There is no clear and unambiguous waiver of UTHSC's sovereign immunity. *See Prairie View A&M Univ. v. Dickens*, 243 S.W.3d 732, 735 (Tex. App.–Houston [14th Dist.] 2007)(no jurisdiction over breach of contract claim).

Alternatively, UTHSC seeks dismissal of the breach of contract claim arguing that the university catalogue or department handbook that Plaintiff relies upon does not constitute a

...

contract as a matter of law because there is an express disclaimer to that effect in the catalogue/handbook. Defendant's motion in this regard is denied because this argument would require the court to go beyond the pleadings in this motion to dismiss. Alternatively, UTHSC argues that Plaintiff continues to fail to state a claim upon which relief can be granted. Specifically, Plaintiff fails to allege what the specific terms of the contract were and how they were violated by the University. The Court agrees that Plaintiff has failed to meet the requirements set forth in *Twombly*.[2] Plaintiff's breach of contract claim is dismissed for failure to state a claim as well.

Defendant also seeks to dismiss Plaintiff's Title VI claim for failure to state a claim. As noted above, despite now being given leave to file a fifth amended complaint, Plaintiff merely alleges "Dr. Philip Serwer used Plaintiff's national origin as a basis for harassing him…." ¶ 23. While the Court assumes in this motion to dismiss stage that all factual allegations in the complaint are true, those allegations "must be enough to raise a right to relief above the speculative level," and the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a 12(b)(6) motion to dismiss[3], the complaint does not need "detailed factual allegations, but it [needs] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[2] *See Tapp v. University of Texas Health Sciences Center at Houston*, 2011 WL 6339819 (S.D. Tex. 2011)("Tapp has not identified any contract language as the basis for his claim of breach. Nor has Tapp hinted at what academic and nonacademic services UT Health was required to provide and did not, or how that failure caused his dismissal. Under the legal requirements for pleading a breach of contract claim in the academic context and the general standards for sufficient pleading, Tapp's asserted breach of contract claim is deficient."). The Court in *Tapp* also noted that Texas law "strongly disfavors judicial meddling in academic decisions."

[3] Plaintiff appears to suggest that this Court's prior order determining that Plaintiff made a sufficient showing that Dr. Serwer may have engaged in intentional discrimination dictates that Defendant's motion be denied. Plaintiff is mistaken. Inasmuch as he is proceeding pro se, the Court gave him the benefit of every doubt. The Court informed Plaintiff that his complaint failed to include allegations tending to show that the allegations by his dissertation committee were the result of intentional discrimination, as opposed to Plaintiff's citizenship/visa status.

conclusory statements, do not suffice." *Richards v. JRK Property Holdings*, 405 Fed. Appx. 829 (5th Cir. 2010).[4]  Plaintiff's Title VI claim is dismissed for failure to state a claim.

## Conclusion

Defendant's motion to dismiss Plaintiff's Fifth Amended Complaint is granted as discussed above.  Inasmuch as no issues or claims remain, this case is closed.  The Clerk is directed to enter judgment dismissing Plaintiff's breach of contract claim for lack of jurisdiction.  All other claims are dismissed with prejudice for failure to state a claim.

SIGNED this 23rd day of January, 2013.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes that in his response brief (docket number 33), Plaintiff argues that Dr. Serwer forced him in his graduate student position to work long hours and that Dr. Serwer threatened him with a bad grade and loss of visa immigration status if he did not perform his work. Plaintiff argues that he complained to various university officials, that he submitted a dissertation proposal to his supervising committee, but they failed to approve or modify his proposal, that he was placed on academic probation, and all this constitutes harassment because of his national origin. However, similar to *Muthukumar Nachiappan Subbiah v. The University of Texas at Dallas*, 2011 WL 1771806 (N.D. Tex. 2011), "fully absent from his Complaint is a single factual allegation that could demonstrate discriminatory or retaliatory intent on the part of [the university] or its representatives if true. There are no racially-charged statements, no accusations that some other student received different treatment, no statements that he was the only Indian and the only person to be treated in this manner, nor any other indicator (other than his bald assertions) that the acts were taken with unlawful motives. The mere fact that Plaintiff might believe these acts were taken for discriminatory or retaliatory reasons is not enough." *Id*. at *6, *aff'd*, 471 Fed. Appx. 407 (5th Cir. June 27, 2012), *petition for cert. filed*, (Oct. 26, 2012)(No. 12-7144).